# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2000 | **DATE** | 7/10/2003 |
| **CASE TITLE** | Susan A. Spizzirri vs. Mortgage Electronic Registration | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing re-set for 1/15/2004 at 10:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant's motion to dismiss (4-1) is denied. Defendant's motion to stay (4-2) is granted. We hereby stay these proceedings pursuant to the Colorado River abstention doctrine pending the completion of the Cook County proceedings. This case will recommence upon written motion of any party at the conclusion of the Cook County proceedings. The status hearing set for 7/17/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 11 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 6 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/10/2003 | |
| GL | courtroom deputy's initials | 03 JUL 10 PM 3:12 Date/time received in central Clerk's Office | date mailed notice GL mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SUSAN A. SPIZZIRRI, )
    Plaintiff, )
 )
v. ) Case No. 03-C-2000
 )
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC., )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Susan Spizzirri ("the plaintiff" or "Spizzirri") has filed a complaint against Defendant Mortgage Electronic Registration Services, Inc. ("the defendant" or "MERS"), alleging that the loan agreement she entered into with MERS violated the Illinois Interest Act ("Interest Act"). Currently at issue is MERS motion to dismiss or stay proceedings pursuant to the *Colorado River* abstention doctrine. For the following reasons, we deny the defendant's motion to dismiss and grant the defendant's motion to stay these proceedings pending resolution of parallel proceedings in the Circuit Court of Cook County.

## BACKGROUND

On July 11, 2001, the plaintiff, Spizzirri, an Illinois citizen, entered into a loan agreement secured by a mortgage lien on her home with the defendant, MERS, a Delaware corporation with its principal place of business in Michigan. On October 24, 2002, MERS filed a foreclosure complaint in the Circuit Court of Cook County. In its complaint, MERS alleged that as of June 2002 Spizzirri was in default on her monthly mortgage payments. On March 19, 2003, Spizzirri filed her answer and affirmative defense in the Circuit Court. In these filings, Spizzirri asserted that MERS's claim was

barred because the loan agreement violated Section 4.1a of the Illinois Interest Act ("Section 4.1a"), which provides in relevant part that charges exceeding the stated interest rate for a loan "with an interest rate in excess of 8% per annum secured by residential real estate...shall not exceed 3% of such principal amount." 815 Ill. Comp. Stat. Ann. 205/4.1a (West 2003).

On March 19, 2003, Spizzirri also filed the instant complaint in federal court, alleging that the defendant knowingly violated Section 4.1a, and requests attorney fees, costs, and damages. On May 14, 2003, MERS filed a motion for summary judgment in state court,[1] arguing that the Interest Act is preempted by the Depository Institutions Deregulation and Monetary Control Act of 1980 (DIDMCA). *See* 12 U.S.C. §1735f-7a(1).[2] On May 15, 2003, MERS filed a motion to dismiss or stay the federal proceedings. MERS points to the pending state action and the *Colorado River* abstention doctrine in support of its motions.

## ANALYSIS

The *Colorado River* abstention doctrine provides that a district court may stay an action when a concurrent, parallel state or federal proceeding exists. *See Colorado River Water Conservation Dist. V. United States,* 424 U.S. 800, 817 (1976). *Colorado River* abstention is appropriate only in exceptional circumstances where it would achieve wise judicial administration by conserving judicial resources and comprehensively disposing of litigation. *See id.* We must apply a two-part test to determine whether *Colorado River* abstention is appropriate. *See Admin. Comm. v. Gauf,* 188 F.3d 767,

---

[1] The hearing on this motion was scheduled for June 24, 2003.

[2] These prerequisites are not listed here, as they are irrelevant to this opinion.

772 (7th Cir. 1999). First, the suits must be parallel. *See Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992). Second, we must balance ten factors to determine whether exceptional circumstances justify abstention. *See LaDuke v. Burlington N.R.R.*, 879 F.2d 1556, 1559 (7th Cir. 1989); *see also Starr v. Levin*, 2002 WL 1941375, *3 (N.D. Ill. 2002).

State and federal actions are parallel if they involve substantially the same parties litigating substantially the same issues. *See Caminiti & Iatarola*, 962 F.2d at 700. The parties and issues need not be identical. *See AAR Int'l Inc. v. Nimelias Enter. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001). Furthermore, the mere presence of additional issues or parties does not preclude finding the suits parallel. *See id.* Both the state and federal cases at issue involve the same parties – Spizzirri and MERS. Moreover, both cases seek to resolve substantially the same issue: whether the defendant violated the Illinois Interest Act. The mere presence of an additional federal issue in the state action — the supposed preemption of the Illinois Interest Act by the DIDMCA – does not preclude these suits from being parallel. *See AAR Int'l Inc.*, 250 F.3d at 518. We therefore find that the state and federal actions involving Spizzirri and MERS are parallel for purposes of *Colorado River* abstention.

Having found that the state and federal actions to be parallel, we must determine whether exceptional circumstances exist to justify the surrender of jurisdiction. *See LaDuke*, 879 F.2d at 1559; *Starr*, 2002 WL 1941375 at *3. In so doing, we must balance the following factors: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law; (6) the adequacy of the state court action to protect the federal

plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *See Starr*, 2002 WL 1941375 at *3. We apply these factors pragmatically and flexibly, recognizing that no single factor is determinative. *See id.*

Neither party disputes that Illinois has assumed jurisdiction over the property in question, and both proposed forums are located in Illinois, thus the first factor is neutral as to abstention. The next factor is the inconvenience of the federal forum. Although MERS is a Delaware corporation with its principal place of business in Michigan, it initially brought suit against Spizzirri in Cook County. WE fail to see how proceeding in the federal court in Chicago presents a greater hardship on a foreign litigant than proceeding in the state court in Chicago. Thus, this factor does not weigh either in favor or against a stay.

The third factor, the desirability of avoiding piecemeal litigation, favors a stay in the federal action. The focus of this factor is on avoiding duplicative and wasteful litigation with the potential of inconsistent resolutions of the issue. *See Caminiti & Itarola*, 962 F.2d at 701. Absent a stay of the federal action, the question of whether MERS violated the Illinois Interest Act will likely be decided in both the federal and state suits, presenting a threat of inconsistent rulings. *See Starr*, 2002 WL 1941375 at *4. Therefore, the likelihood of piecemeal litigation in the federal action favors a stay.

The fourth factor is the order in which jurisdiction was obtained. The Circuit Court of Cook County obtained jurisdiction when MERS filed their complaint in October 2002, nearly five months before Spizzirri filed the federal suit. Furthermore, the state action, which is currently at the summary

judgment stage, has progressed further than the federal action, which is relatively undeveloped. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983) (priority should not be measured exclusively by which claim was filed first but instead in terms of how far the suits have progressed). *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983); *see also Starr*, 2002 WL 1941375 at *4. This factor, therefore, favors abstention.

The fifth factor is whether the actions are governed by state or federal law. While MERS invokes federal law in its summary judgment motion of the state action, the main issue in both sets of proceedings – whether MERS violated the Interest Act – involves state law. Thus, this factor also favors staying the federal suit pending resolution of the state action.

Next we address the adequacy of the state court action in protecting the plaintiff's rights. If Spizzirri prevails in proving MERS violated the Interest Act, she will be relieved of payments on which she defaulted, regardless of whether resolution comes in state or federal court. In her federal complaint Spizzirri also requests damages and attorneys fees – remedies she could not acquire in state court where she is a defendant and has not counterclaimed. *See* 815 Ill. Stat. Ann. 205/6 (West 2003). We note, however, that Spizzirri's rights would not be permanently prejudiced by a stay. *See Starr*, 2002 WL 1941375 at *5. Following resolution of the state court action Spizzirri could move to lift the stay and pursue this action further, subject to applicable principles of res judicata and collateral estoppel. *See id.* Therefore, this factor only minimally weighs against a stay.

The next factor is the relative progress of the state and federal proceedings. As previously stated, the state action was filed five months before this federal action and a motion for summary judgment is currently pending. Meanwhile, the federal suit is still in the formative stages. Thus, this factor favors

-5-

a stay. The eighth factor, whether the state or federal court has jurisdiction over the suit, has no bearing on our decision because it is undisputed that both the state and federal courts have jurisdiction.

The ninth factor is whether the state court action is removable. The parties have not briefed the issue of removability, though it appears that Spizzirri could have removed the state court action on diversity grounds. Spizzirri had thirty days from the filing of MERS's initial complaint to remove the case, but did not do so. *See* 28 U.S.C. §§1441, 1446. If Spizzirri wished to litigate this suit in federal court, removal of the state court action would have been the most efficient and prudent course available. Thus, the ninth factor weighs in favor of a stay. There is no evidence to support or rebut that Spizzirri filed her federal claim for vexatious or contrived purposes, the final factor in our balancing test. Therefore, this factor is not significant to our analysis. Because the ten factors outlined in *Colorado River* are neutral or weigh in favor of a stay, we find that exceptional circumstances exist to justify abstention.

## CONCLUSION

For the reasons discussed above, we hereby stay these proceedings pursuant to the *Colorado River* abstention doctrine pending the completion of the Cook County proceeding. This case will recommence upon written motion of any party at the conclusion of the Cook County proceedings. The defendant's motion to dismiss is denied.[3]

---

[3] To support its motion to dismiss, MERS points to Illinois substantive law, which provides that involuntary dismissal may be based on the existence of "another action pending between the same parties for the same cause," provided the defendant timely files a motion for dismissal. 735 Ill. Stat. Ann. 5/2-619(a)(3); *see also Schiller v. The Packaging Store, Inc.*, 690 F. Supp. 711, 713 (N.D. Ill. 1988). Because we grant MERS' motion for a stay of these proceedings, we deny as moot its motion to dismiss.

It is so ordered.[4]

MARVIN E. ASPEN
United States District Judge

Dated: 7/10/03

---

[4]We will monitor the progress of the state court proceeding at status hearings before this court unless Spizzirri moves to voluntarily dismiss this case. The next status date in open court will be January 15, 2004, at 10:30 a.m.